**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 14 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAURA GONZALEZ-GONZALEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-214

Agency No.
A220-228-812

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2025[**]
Seattle, Washington

Before: W. FLETCHER and NGUYEN, Circuit Judges, and BENNETT, District
Judge.[***]

Laura Gonzalez-Gonzalez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

immigration judge's ("IJ") order denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence and any legal questions, including due process claims, de novo, *see Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018), we deny the petition.

1. Gonzalez-Gonzalez challenges the BIA's finding that she failed to show a nexus between any persecution she suffered or fears in Guatemala and her membership in a particular social group. She claims persecution on account of being a woman in Guatemala, but she acknowledged that "all of [Mateo's] threats and all of his anger was because [she] rejected him," and she did not know of "any other reason why he wanted to kill [her]." While that does not preclude her status as a Guatemalan woman from being an additional causal factor, *see Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013), the BIA did not err in finding that no record evidence supports such a finding. *See Kaur v. Garland*, 2 F.4th 823, 835 (9th Cir. 2021) ("[A] personal vendetta *without more* does not provide a sufficient basis for relief . . . .").

2. Gonzalez-Gonzalez also contends that the IJ violated her due process rights by failing to explain the requirements for relief or develop the record regarding her religious persecution claim. To prevail, she must show that the proceeding was so fundamentally unfair as to prevent her from reasonably

presenting her case and that this unfairness may have affected the proceeding's outcome. *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1048 (9th Cir. 2023). Assuming, for the sake of argument, that the IJ could have better developed the record, Gonzalez-Gonzalez identifies no prejudice—she does not explain how religious violence against her father affected her. Nor does she establish prejudice from the IJ's failure to explain the requirements for relief. It is not enough that she "maintain that [she] *could* demonstrate a valid asylum claim if [her] case were remanded." *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999); *see also Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (finding no prejudice where the petitioner "[had] not explained how the IJ's failure to develop additional facts at the immigration proceeding affected his ability to obtain . . . relief").

    **PETITION DENIED.**